UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN ANDREW GLENN,

        Petitioner,

  v.

JASON F. WALKER,

        Respondent.

CASE NO. 3:21-cv-05900-RSM-BAT

**REPORT AND RECOMMENDATION**

Petitioner, Nathan Andrew Glenn, proceeds pro se in this federal habeas action brought pursuant to 28 U.S.C. § 2254.[1] Dkt. 1. The Court, having reviewed the habeas petition pursuant to Rule 4 of the Rules Governing § 2254 cases, recommends that the petition be DISMISSED WITHOUT PREJUDICE as it plainly appears from the face of the petition that Petitioner is not entitled to relief.

**DISCUSSION**

A federal district court may consider the merits of a federal habeas petition only if the petitioner can show that his state judgment and conviction violate his federal constitutional rights and only after he has fully and fairly presented the alleged violations to the Washington State

---

[1] The Court notes that although Petitioner submitted an application to proceed *in forma pauperis* (IFP) along with his petition he also paid the filing fee rendering his IFP application moot. *See* Dkt. 1.

REPORT AND RECOMMENDATION - 1

Supreme Court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (habeas relief not available where petitioner has not appealed his federal constitutional violations to the highest state court). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

The Court has considered the habeas petition and finds there are deficiencies that cannot be cured at this time and recommends that the petition be dismissed without prejudice.

First, Petitioner seeks habeas relief but it appears he has not been convicted or sentenced and, even if he has been, that he has not appealed his conviction or exhausted his state court remedies. Petitioner alleges violation of his right to a speedy trial alleging that his "trial date was set outside of the aloted [sic] time for speedy trial without waiving [his] rights[.]" Dkt. 1. He also alleges a violation of due process on the grounds that he has "not received or even know when any of [his] court dates are and the Courts are withholding [his] court documents even upon requesting them." He further states at several points that his "court proceedings are still in process." Dkt. 1 at 1. Petitioner states in his petition that he has not appealed from a judgment of conviction and that he is instead seeking review of his claims in this court. Dkt. 1, at 2.

REPORT AND RECOMMENDATION - 2

Because Petitioner proceeds pro se, the Court considers his pleadings under both 28 U.S.C. § 2254 and § 2241. If relief is sought under § 2254 the Court may consider the merits of a habeas petition only if Petitioner can show that his state judgment and conviction violate his federal constitutional rights and only after he has fully and fairly presented the alleged violations to the Washington State Supreme Court. In essence, a § 2254 federal habeas petition allows a federal court to provide a state prisoner with *post-conviction* collateral relief. Section 2254 habeas relief is not available here because it appears Petitioner has not yet been convicted or sentenced, and, even if he had been, he has not yet sought review of his conviction or sentence in the state courts. *See Davis*, 511 F.3d at 1008 (habeas relief not available where petitioner has not appealed his federal constitutional violations to the highest state court).

Even if Petitioner was convicted and sentenced (or has been in the few days since this petition was filed on December 13, 2021), the petition would be premature because he has not yet presented any of his federal claims to the state courts via a direct appeal or by filing a state post-conviction petition for collateral relief. *See* 28 U.S.C. § 2254(b) and *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted his available state court remedies).

Turning to 28 U.S.C. § 2241, a federal court will normally construe a habeas petition filed by a prisoner in pretrial detention under § 2241. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004). A federal court, however, must normally abstain from interfering in a pending state criminal prosecution, under *Carden v. Montana*, 626 F.2d 82, 83-84 (1980), cert. denied, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The *Younger* abstention doctrine is based on principles of equity and comity. *Younger*, 401 U.S. at 43-54. The

REPORT AND RECOMMENDATION - 3

equitable principle at play is that courts should refrain from exercising their equitable powers when a movant has an adequate remedy at law. *Id.* Notions of comity require the federal government to let states be "free to perform their separate functions in their separate ways." *Id.* at 44. The Ninth Circuit applies a four-part test to determine application of *Younger* abstention:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Federal courts do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

All of the *Younger* criteria appear to be satisfied here. First, Petitioner acknowledges that his state court proceedings are ongoing. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Petitioner raises claims that would effectively enjoin the ongoing state judicial proceeding.

Furthermore, Petitioner has not shown bad faith, harassment, or some other extraordinary circumstance that would warrant federal intervention before his criminal proceedings and any appeal is completed. The Court notes that the petition reflects that the criminal charges Petitioner challenges were filed this year and there is no indication Petitioner has languished in the state

REPORT AND RECOMMENDATION - 4

courts for an impermissibly lengthy period of time. *See* Dkt. 1 at 1; *Carden*, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance); *see also Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (reaffirming that *Carden's* "special circumstances" rule still applies); *id*. (district court properly dismissed on abstention grounds a pretrial petition asserting speedy trial claim).

The Court therefore should abstain and dismiss the habeas petition without prejudice. *See Carden*, 626 F.2d at 84. The alleged constitutional violations that Petitioner claims have occurred are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before Petitioner seeks a federal writ of habeas corpus.

Because it is clear from the face of the petition that proceedings are ongoing in Petitioner's criminal case, the habeas petition is premature. Even if Petitioner had very recently been convicted and sentenced, it would be impossible that he could have already exhausted all of his state court remedies, which includes presenting claims to the Washington State Supreme Court as, at the time of filing his petition on December 13, 2021, he indicated he had not filed any appeal in state court but was seeking relief in this Court. Furthermore, the Court should abstain from inserting itself into Petitioner's pending criminal prosecution. Accordingly, it appears clear that federal habeas relief is presently unavailable, and that no amendment will cure this. The petition should be dismissed without prejudice.

//

### CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing

REPORT AND RECOMMENDATION - 5

of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree Petitioner's claims are premature. Additionally, no reasonable jurist would disagree that a federal court should abstain from interfering with Petitioner's pending criminal charges and dismiss his criminal case as Petitioner requests. Accordingly, a COA should be DENIED.

## CONCLUSION

Based upon the foregoing, the undersigned recommends that the federal habeas petition (Dkt. 1) be DISMISSED without prejudice. The Court also recommends that a certificate of appealability be DENIED. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **January 7, 2022**. The Clerk should note the matter for **January 7, 2022** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 17th day of December, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge